UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTURO JONES JOAQUIN MARTE, | : | Civil No. 3:20-CV-00252 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER KYLE OLIVER, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is Defendants' motion to dismiss arguing that Plaintiff has failed to set forth a claim for unreasonable seizure under the Fourth Amendment, unlawful discrimination under the Fourteenth Amendment, and failure-to-train under *Monell v. Department of Social Services*. (Doc. 15.) The court holds that Plaintiff has adequately stated a claim for unreasonable seizure under the Fourth Amendment and failure-to-train because Plaintiff sufficiently pled each element of these claims. However, Plaintiff has failed to state a claim for unlawful discrimination because Plaintiff did not plead a necessary element of the claim, specifically that individuals from an unprotected class were treated differently than Plaintiff. For the reasons that follow, the motion to dismiss will be granted in part and denied in part with leave to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the allegations in the amended complaint, on February 13, 2018, Plaintiff Arturo Jones Joaquin Marte ("Marte"), who is identified as a "Latino" man, was a passenger traveling in a work van with two other Latino co-workers. (Doc. 14, ¶ 10.) At approximately 9:40 a.m., a Jim Thorpe police vehicle pulled the van over. (*Id.* ¶ 12.) The van was allegedly pulled over because the license plate was obscured by a plastic cover. (*Id.* ¶ 14.) However, Defendants Officer Kyle Oliver ("Oliver") and Detective Lee Marzen ("Marzen") ran a check on the license plate prior to the stop. (*Id.*) The driver of the vehicle and the passengers, including Plaintiff, provided identification at the request of Oliver and Marzen. (*Id.* ¶ 15.) Approximately fifteen to twenty minutes later, Oliver and Marzen directed all three men to exit the van, placed them in handcuffs, and brought them to the police station. (*Id.* ¶¶ 17, 19–22.)

Marte remained handcuffed in a holding cell until roughly 1:00 p.m., when two Immigration and Customs Enforcement ("ICE") officers arrived. (*Id.* ¶¶ 23–25, 27.) Prior to this time, neither Oliver and Marzen nor ICE had probable cause to believe Marte was subject to removal. (*Id.* ¶ 26.) ICE ultimately took Marte to York County Prison and Marte was placed into removal proceedings. (*Id.* ¶ 27.)

Marte initiated this action via complaint on February 12, 2020, against Oliver, Marzen, and the Borough of Jim Thorpe ("the Borough") (collectively,

"Defendants").  (Doc. 1.)  On June 2, 2020, Marte filed an amended complaint.  (Doc. 14.)  The amended complaint sets forth three claims: (1) Oliver and Marzen violated Marte's Fourth Amendment right to be free from unreasonable seizure; (2) the Borough failed to adequately train police officers in its police department; and (3) Oliver and Marzen violated Marte's Fourteenth Amendment right to be free from unlawful discrimination.  (*Id.*)

On June 16, 2020, Defendants filed a motion to dismiss Marte's amended complaint, along with a brief in support of their motion.  (Docs. 15, 16.)  Defendants argue that all three claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  (*Id.*)  On July 21, 2020, Plaintiff filed a brief in opposition.  (Doc. 20.)  Defendants did not file a reply brief, and thus, this motion is ripe for disposition.

## JURISDICTION

Because this action includes a civil rights claim pursuant to 42 U.S.C. § 1983, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the complaint occurred within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In their motion to dismiss, Defendants argue that Marte failed to state any claim for which relief can be granted in his amended complaint.  (Doc. 15.)  The court will address each argument in turn, starting with the claims against Oliver and Marzen, then proceeding to address the claim against the Borough.

### A. Plaintiff's Fourth Amendment unreasonable seizure claim against Oliver and Marzen will not be dismissed.

The first step in determining whether an unreasonable seizure took place is to ask whether a constitutional right has been infringed. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Next, a plaintiff must show there was a "seizure" and that the seizure was "unreasonable." *United States v. De Castro*, 905 F.3d 676, 678 (3d Cir. 2018). In this case, Marte asserts that by "unlawfully initiating a traffic stop and then prolonging the detention" of Marte "without probable cause and without a request or direction from the federal government," Oliver and Marzen violated his Fourth Amendment right to be free from unreasonable seizure. (Doc. 14, ¶ 35.)

### 1. Plaintiff alleged that a seizure within the meaning of the Fourth Amendment occurred.

A seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988). Marte alleges a seizure occurred when Oliver and Marzen initiated and subsequently prolonged an unlawful traffic stop. (Doc. 14, ¶ 35.)

Oliver and Marzen argue that they were performing routine checks of vehicle registrations, which is not a Fourth Amendment search. (Doc. 16, p. 6.)[1] In addition, they argue that the traffic stop was justified because the check of the

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

5

license plate on the vehicle in which Marte was a passenger came back with "no record/unregistered." (*Id.*)  However, in raising this argument, Oliver and Marzen rely on facts that are not included in Plaintiff's amended complaint. (*Id.*)  At the motion to dismiss stage, it is inappropriate for the court to consider facts introduced by Defendants that were not pled in the amended complaint. *See Iqbal*, 556 U.S. at 678.

Based on a review of the facts alleged in the amended complaint, Marte has alleged sufficient information to establish a plausible claim that a seizure occurred under the Fourth Amendment.  The United States Supreme Court and the Third Circuit have held that a brief traffic stop for a limited purpose is a "seizure." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Clark*, 902 F.3d 404, 409 (3d Cir. 2018).  Marte contends that at no point during the stop did he believe he was free to leave.  (Doc. 14, ¶ 16.)  The court finds that Marte's assertion is plausible. *See Rodriguez v. United States*, 575 U.S. 348, 352 (2015) (finding that plaintiff did not feel free to leave during a traffic stop); *see also Davila v. N. Reg'l Joint Police Bd.*, No. 2:13-cv-070, 2019 WL 1252986, at *3 (W.D. Pa. Mar. 31, 2016) (finding a seizure occurred where plaintiff did not feel free to leave during a prolonged traffic stop).

### 2. Considering only the facts alleged in the complaint, it is plausible the seizure was unreasonable.

To determine whether a seizure is reasonable, courts look at the "whole picture." *United States v. Delfin-Colina*, 464 F.3d 392, 397 (3d Cir. 2006) (citing *United States v. Sokolow*, 490 U.S. 1 (1989)). For instance, the decision to stop an automobile is reasonable where police have reasonable suspicion to believe that a traffic violation has occurred. *Delfin-Colina*, 464 F.3d at 397. However, reasonable suspicion must be justified by the police officer using "specific, ascertainable facts." *Id.* "Mere hunches" are insufficient. *United States v. Arvizu*, 534 U.S. 266, 274 (2002); *see also Terry v. Ohio*, 392 U.S. 1, 27 (1968).

Oliver and Marzen argue that the stop and detention were reasonable for reasons based on facts not alleged in the amended complaint, but instead alleged in the brief in support of their motion to dismiss. (Doc. 16, pp. 6–8.) Marte alleges that the seizure was unreasonable because there was no basis for the initial stop and there was no legal cause to extend the stop. (Doc. 20, pp. 10–13.) He argues that because Oliver and Marzen were able to run the license plate prior the stop, proving the license plate was readable, the traffic stop was unjustified. (*Id.* at 11.)

Accepting Marte's alleged facts as true, as is required at this stage, Marte has plausibly alleged that making the traffic stop and extending the stop were unreasonable actions. The initial stop was allegedly made because of a license plate covering for which no citation was given. (*Id.*) However, Marte asserts that

7

Oliver and Marzen could and did read the license plate and ran a check prior to the stop. (*Id.*) As a result, Marte sufficiently contends at this pleading stage that the officers did not have a legal cause to stop the vehicle. (*Id.*)

In addition, Marte contends that Oliver and Marzen did not have legal cause to extend the traffic stop because the stop was extended for longer than necessary to complete their mission. (*Id.* at 11–12.) Extending a traffic stop beyond the time it takes to complete the stop's mission is unlawful unless there is reasonable suspicion to justify further investigation. *Rodriguez*, 575 U.S. at 357; *see also Clark*, 902 F.3d at 410. In other words, a lawful stop can become an unreasonable seizure when it is "prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Therefore, Marte plausibly states a claim for unreasonable seizure due to the prolonged traffic stop.

Because Marte made plausible allegations in his amended complaint and Defendants failed to meet their burden at the motion to dismiss stage, Marte's Fourth Amendment claim will not be dismissed.

### B. Marte's Fourteenth Amendment claim against Oliver and Marzen will be dismissed, with leave to amend, for failing to establish the necessary elements.

To state a claim for an equal protection violation under the Fourteenth Amendment, a plaintiff must plausibly allege that the challenged law enforcement action had a discriminatory effect and was motivated by a discriminatory purpose.

*Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002). To show discriminatory effect, the plaintiff must show he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class. *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002).

In this case, Oliver and Marzen argue that Marte has failed to allege that he was treated differently from similarly situated individuals in an unprotected class and, therefore, Marte has not shown that the stop and detention had a discriminatory effect. (Doc. 16, p. 9.) In the amended complaint, Marte asserts that the stop and detention were motivated by a discriminatory purpose because they were based on his perceived race, color, ethnicity, and/or national origin. (Doc. 14, ¶¶ 50–51.) Marte maintains that the stop and detention had a discriminatory effect because he is Latino and therefore a member of a protected class. (*Id.* ¶ 49.) Marte argues that, at this stage of the case, he does not need to identify specific instances where others have been treated differently, but may generally allege that he has been treated differently. (Doc. 20, pp. 16–17 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).)

Although Marte sufficiently pled that Oliver and Marzen were motivated by a discriminatory purpose, he failed to plead discriminatory effect. To show discriminatory effect, the plaintiff needs to allege that he was both a member of a protected class and was treated differently from others in an unprotected class.

*Bradley*, 299 F.3d at 206.  As a Latino man, Marte is a member of a protected class.  *See Carrasca*, 313 F.3d at 834 (finding Latino plaintiffs were members of a protected class).  However, Marte did not allege he was treated differently from members in an unprotected class.  Marte is correct in stating a plaintiff need not identify specific instances of others being treated differently, but he does need to at least allege that such unequal treatment occurred.  *See Phillips*, 515 F.3d at 245 (granting motion to dismiss where the plaintiff did not plead he was treated differently from others); *but see Carrasca*, 313 F.3d at 833 (denying motion to dismiss where the plaintiff alleged she was treated differently from others in the same situation).  Here, Marte fails to make any allegation that others were treated differently.  He cites numerous cases where motions to dismiss an equal protection claim were denied, however, in many of these cases the plaintiffs allege different treatment for others.  (Doc. 20, pp. 17–18.)

For these reasons, the court will grant Defendants' motion to dismiss the Fourteenth Amendment claim, but grant leave to Marte to amend his complaint.[2]

---

[2] The court can grant leave to amend freely, absent bad faith, undue delay, etc.  *Foman v. Davis*, 371 U.S. 178, 182 (1962)*; see also Phillips*, 515 F.3d at 236 (holding the district court should have granted the plaintiff leave to amend her complaint unless an amendment would have been inequitable or futile).

### C. Marte's *Monell* claim against the Borough will not be dismissed.

It is well established that a municipality can be liable for a claim under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipal liability attaches when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.*

#### 1. Marte has sufficiently pled an established policy or custom linked to the violation.

There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249–50 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A plaintiff can show proximate cause by demonstrating an affirmative link between the custom and the constitutional violation. *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019).

The Borough argues that Marte's claim must fail because he failed to identify a custom, practice, or policy. (Doc. 16, p. 11.) Further, the Borough claims Marte needs to establish that a custom is responsible for his injury. (*Id.* at 10.) In response, Marte argues that it is not necessary to point to a specific policy because permanent and well settled practices can give rise to liability. (Doc. 20, p. 20.) Further, Marte claims that the Borough's failure to train caused his injuries. (Doc. 14, ¶¶ 44–46.) Marte maintains his claim should proceed at this stage based

11

on lack of access to municipal policy information prior to conducting fact discovery in this case. (Doc. 20, p. 21.)

Marte is correct that practices that are well established can have the force of law. *See Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). However, the Borough is also correct that Marte must prove the municipal practice caused the injury. *Id.* Nonetheless, at the motion to dismiss stage, pleading causation is sufficient to meet the causation requirement. *See Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 480 (M.D. Pa. 2012). Marte met the causation requirement at this stage because Marte has averred that the Borough's failure to train caused his injuries.

### 2. Marte pleads that the Borough's conduct rose to the level of deliberate indifference.

The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons allegedly harmed by the police conduct. *Canton*, 489 U.S. at 388. A failure-to-train claim shows deliberate indifference if the need for more or different training is so obvious, and the inadequacy is so likely to result in the violation of a constitutional right, that the policymakers can reasonably be said to have been "deliberately indifferent to the need." *Id.* at 390. In some instances, a single incident can show deliberate indifference in lieu of a pattern of similar instances. *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015).

To determine deliberate indifference, the Third Circuit has required: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999); *Estate of Roman*, 914 F.3d at 798; *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014).

The Borough argues that Marte's claim must fail because he failed to show a prior pattern of similar incidents and failed to show a supervisor's approval of such inappropriate conduct. (Doc. 16, p. 11.) However, the court concludes that Marte has pleaded all of the required elements sufficiently. (Doc. 14, ¶¶ 41–45.) For the first element, Marte argues "Pennsylvania's Latino population has also steadily increased" and as a result, "the Borough of Jim Thorpe knew or should have known that such a lack of training would lead to improper conduct by its employee police officers." (*Id.* ¶¶ 43–44.) Marte meets the second element of showing deliberate indifference based on the assertion that it is obvious a policy or custom would lead to constitutional violations. (Doc. 20, p. 22.) Lastly, the third element is met as Marte pleads that the Borough's failure to train its officers resulted in the violation of Marte's Fourth Amendment rights. (Doc 14, ¶ 45.) Marte additionally argues that at the motion to dismiss stage, pleading a plausible claim of deliberate

13

indifference is sufficient because Marte lacks access to municipal policy information.  (Doc. 20, pp. 20–21.)

Regarding the second element, the Third Circuit has held that requiring a plaintiff to identify a particular policymaker or policy before discovery is "unduly harsh."  *Carter*, 181 F.3d at 357–58.  At the motion to dismiss stage, a plaintiff does not need to specify the policies and practices in place.  *Ramos-Vazquez v. PrimeCare Med., Inc.*, No. 09-00364, 2010 WL 3855546, at *9 (E.D. Pa. Sept. 30, 2010); *see also Garcia v. Cty. of Bucks*, No. 17-3381, 2018 WL 3585086, at *7 n.14 (E.D. Pa. July 25, 2018) (recognizing *Monell* plaintiffs' "lack of access to municipal policy information at this early [motion to dismiss] stage").

Because Plaintiff has sufficiently established deliberate indifference for the purpose of surviving a motion to dismiss, Marte's *Monell* claim against the Borough will not be dismissed.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss will be granted in part and denied in part with leave to amend.  An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: November 6, 2020